UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:20-cv-1051-T-02AEP

IN RE:

PETITION OF TOMMY DENNIS, as titled
owner of and for a 42' 2002 CRUISER, hull
identification number CRSRDA22D202, her
engines, tackle, and appurtenances, for
Exoneration from or Limitations of Liability,

     Petitioner.
_____/

## REPORT AND RECOMMENDATION

Petitioner Tommy Dennis ("Petitioner"), as titled owner of and for a 42' 2002 CRUISER, hull identification number CRSRDA22D202, her engines, tackle, and appurtenances (the "Vessel"), initiated this action in admiralty seeking exoneration from or limitation of liability relating to an incident involving the Vessel occurring over the navigable waters of the United States, at or near Palma Sola Bay, Bradenton, Florida on or about November 6, 2019 (Doc. 1).  Currently before the Court is Petitioner's Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Claimants Not Filing a Claim in this Action (Doc. 20).  By the motion, Petitioner seeks entry of a default judgment of exoneration of liability against all claimants not filing a claim or answer in this action by the July 6, 2020 deadline.  Given that the required notice has been given and the time for filing a claim or answer has expired, it is recommended that Petitioner's Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Claimants Not Filing a Claim in this Action (Doc. 20) be granted and that a default judgment be entered as to all claimants, other

than David Trausch ("Trausch") and Douglas Mashke, Jr. ("Mashke"), who failed to file or otherwise state a claim by July 6, 2020.[1]

## I. Background

Petitioner is the owner of the Vessel. On or about November 6, 2019, the Vessel was being operated at or near Palma Sola Bay by an individual other than Petitioner when the Vessel became grounded by striking submerged rocks (the "Incident"). Petitioner was not on board the Vessel at the time of the Incident. As a result of the Incident, however, Petitioner anticipated that potential claimants, including Trausch and others, might make claims for damages against Petitioner. Accordingly, Petitioner initiated this proceeding pursuant to 46 U.S.C. §§ 30501 *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule F"), claiming the right to exoneration from or limitation of liability for all claims arising out of the Incident (Doc. 1). Namely, Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, alternatively, the benefit of limitation of liability as set forth in 46 U.S.C. §§ 30501 *et seq*.

Upon consideration, the Court entered its Order approving Petitioner's Ad Interim Stipulation, directing issuance of Monition and an injunction, and staying all actions or proceedings against Petitioner arising out of the Incident until final determination of this action (Doc. 8). That Order required, among other things, that public notice be given by publication once each week for four consecutive weeks in a newspaper of general circulation in the Tampa Bay area prior to the date fixed for filing claims, that Petitioner mail a copy of the notice to every person known to have made a claim against him or the Vessel arising out of the Incident no later than the second day of publication of the notice, and that all potential claimants file

---

[1] The matter is referred for issuance of a report and recommendation.

with the Clerk of Court and serve Petitioner's attorney with a copy of their claims no later than July 6, 2020 (Doc. 8).  As required by Supplemental Rule F and Local Admiralty and Maritime Rule 7.06, the notice was published weekly for four consecutive weeks beginning on May 22, 2020 (Doc. 13).

Subsequently, Trausch submitted his Answer and Affirmative Defenses to the Petition and asserted a claim (Doc. 15).  Trausch alleged that Petitioner allowed Mashke, an inexperienced boat operator, to operate the Vessel on a sea trial with passengers, including Trausch, aboard.  During the sea trial, Mashke ran the Vessel aground, leading to Trausch sustaining injuries.  Accordingly, Trausch asserted a claim for negligence.

Later, Mashke submitted a motion for extension of time (Doc. 16), seemingly in response to the July 6, 2020 deadline for filing a claim and answer.  The Court granted Mashke's motion, but no deadline was provided to Mashke for asserting his claim or submitting an answer (Doc. 17).  As of today, Mashke has not formally submitted a claim or otherwise responded to the Petition.[2]

Following the filings of Trausch and Mashke, Petitioner moved for entry of default against all claimants, other than Trausch and Mashke, who failed to file a claim by the Court's July 6, 2020 deadline (Doc. 18), which the Clerk entered (Doc. 19).  Thereafter, Petitioner filed the instant motion, seeking default judgment under Rule 55, Federal Rules of Civil Procedure, and Supplemental Rule F (Doc. 20).  To date, Trausch and Mashke are the only individuals who have asserted a claim or otherwise appeared in this action.  Since the entry of default, no other parties or potential claimants have submitted a claim.

---

[2] During the hearing on this matter, Petitioner indicated that he would likely be seeking an order to show cause as to Mashke, which Petitioner has now submitted (Doc. 24).

3

**II.    Discussion**

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supplemental Rule F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided …." Supplemental Rule F(5). If a claimant desires thereafter to contest either the right to exoneration from or the right to limitation of liability, the claimant then shall file and serve an answer to the complaint, unless the claim included an answer. Supplemental Rule F(5).

In actions arising under these rules, a default judgment will be entered against any potential claimant who failed to respond to public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled his or her "'obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-

4

1709-Orl-28DAB, 2015 WL 3404469, at *3 (May 26, 2015)), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016); *see also In re Reef Innovations, Inc.*, No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2-3 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, No. 6:11-cv-1703-Orl-31GJK, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012). In this instance, Petitioner fulfilled his obligations and, as such, a default judgment is warranted. Namely, the notice was published and appeared once a week for four consecutive weeks in the *Business Observer* in Manatee County starting on May 22, 2020 (Doc. 13). The notice expressly stated that the deadline for filing a claim or answer was July 6, 2020, and that the failure to file an answer could result in entry of a default (*see* Doc. 9). Thus, the required notice has been given, and the time for filing a claim has expired. Only Trausch timely filed a claim, while Mashke appeared, seeking an extension of time to submit a claim or respond to the Petition, although not yet submitting such claim or otherwise responding to the Petition. A clerk's default has been entered against "all claimants, other than David Trausch and Douglas Mashke, Jr., that have failed to file a claim by the Court's July 6, 2020 deadline" (Doc. 19), and Petitioner now requests that a default judgment be entered as to the same individuals. Given the foregoing, a default judgment should be entered as requested.

### III.  Conclusion

After consideration, it is hereby

RECOMMENDED:

1. Petitioner's Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Claimants Not Filing a Claim in this Action (Doc. 20) be GRANTED.

2. A default judgment be entered against all claimants, other than David Trausch and Douglas Mashke, Jr., who have failed to file a claim by the Court's July 6, 2020 deadline.

3. All persons and entities, other than David Trausch and Douglas Mashke, Jr., who failed to file a claim or answer be barred from the filing of any further claims or answers in these proceedings or in any other proceedings related to or arising out of the Incident described in the Petition (Doc. 1).

IT IS SO REPORTED in Tampa, Florida, this 13th day of October, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

cc:     Hon. William F. Jung
        Counsel of Record